THOMAS W. FORBES v. WILLIAM McCLATCHEY.

FILED JUNE 16, 1897. No. 7384.

Breach of Contract of Sale. Evidence examined, and *held* that the damages assessed by the jury are inadequate.

ERROR from the district court of Antelope county. Tried below before ROBINSON, J. *Reversed.*

*J. F. Boyd,* for plaintiff in error.

*M. B. Putney* and *N. D. Jackson, contra.*

NORVAL, J.

This suit originated in a justice's court, where, on a trial to a jury, plaintiff recovered the sum of $13.80. This verdict, on his motion, was set aside by the justice, on the ground that the same had been obtained by partiality and undue means, and the second trial in said court resulted in a verdict and judgment in plaintiff's favor for $17.30, besides costs. Defendant appealed to the district court, where plaintiff received a verdict in the sum of

$16.77, and from the judgment rendered thereon he prosecutes a petition in error.

The action was to recover damages for breach of contract in the purchase and sale of corn. Plaintiff, in his petition, sets up that in November, 1890, he entered into a contract with the defendant whereby he purchased from the defendant a hundred bushels of corn for the stipulated sum of $40, of which sum he paid $13.80 at the date of the contract, and the balance to be paid on delivery of the corn to plaintiff, and that defendant has wholly neglected and refused to comply with the terms of the contract, to plaintiff's damage in the sum of $23.80. The answer was a general denial. Whether the contract pleaded in the petition was ever entered into, the witnesses fail to agree; but as the evidence adduced by the plaintiff is sufficient to establish the contract and breach thereof as alleged, the only question we need to consider relates to the amount of damages. Both parties agree that defendant was indebted to plaintiff in the sum of $13.80, for cutting grain, at the time the alleged corn contract was entered into. Plaintiff's testimony was to the effect this sum of $13.80 was, by agreement of both parties, applied as payment on the corn, and that the market price of corn had advanced ten cents a bushel from the date of the contract to time for delivery. The measure of plaintiff's recovery was the difference between the contract price and the market value of the corn at the time and place it should have been delivered under the agreement, in addition to the $13.80 advanced, and seven per cent interest on both sums. It is evident that the damages are inadequate. Plaintiff was entitled to recover $23.80 and interest, or nothing.

It is said by counsel for defendant that there is no competent evidence in the record as to the value of corn. We do not so view the testimony. It was disclosed that plaintiff had bought corn of others about that time, and he testified that corn was worth 50 cents a bushel at the date fixed for delivery, and furthermore, that when

plaintiff went after the corn, eight days after the purchase, defendant refused delivery unless plaintiff would pay 50 cents a bushel, saying "he wouldn't be able to stand a loss of $10 on a hundred bushels of corn." Plaintiff's was the only testimony on the question of damages. The jury having disregarded the same, it follows that the judgment must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.